**Condon v. Dallastown Area School District**

*Daniel W. Shoemaker,* for appellee.

*Kenneth A. Wise,* for appellant.

SHADLE, P. J., September 9, 1974.—Appellant, a 15-year-old eighth grade student, has appealed from the action of appellee expelling him as a student for the 1974-75 school year on the ground of misconduct. On petition of appellant, a rule was granted upon appellee to show cause why the case should not be remanded to appellee for a rehearing at which certain

supplementary relief should be granted. Appellee responded with a petition to dismiss the appeal, to which appellant filed an answer. Argument of counsel was heard before the court.

If the case were remanded, some of the supplementary relief sought by appellant is appropriate. Because of the timing during the school year, appellant should make and announce its decision promptly. Appellant should be entitled prior to the hearing to inspect and copy his own school record kept by appellee. However, we can ascertain no relevant purpose in permitting appellant to inspect and copy any record kept by appellee of the "teaching record" of a teacher said to be involved in the alleged misconduct of appellant. The issue will be one of what conduct occurred and whether it merits expulsion, rather than what kind of student or what kind of teacher were involved therein. We are unaware of any legal authority for us to issue subpoenas to compel the appearance of witnesses at any rehearing before appellee, and appellant has referred us to none.

Appellant's primary complaint and principal claim for relief is the failure of appellee to have made a stenographic record of the hearing. It did record minutes thereof, but these refer only to the subjects on which evidence was heard, not the content of such evidence, and, obviously, such references are not complete. Appellant alleges, but appellee denies, that a request for a stenographic record was made and was not honored.

Section 4 of the Local Agency Law of December 2, 1968, P. L. 1133, 53 PS §11304, provides that a stenographic record of the hearing may be made, but if it is not, it shall be provided "at the request of any party agreeing to pay the cost thereof." The clear implication is that a request for a stenographic record must be made in sufficient time to provide it, and if the agency

fails to comply, the interested party may himself make such record at his own expense. Just as clear is the implication that if the agency does not intend to provide such record, it must so advise the interested party in sufficient time to permit him to make the necessary arrangements.

Section 8(b) of the act, supra, 53 PS §11308(b), requires the court to affirm the action of the agency unless it finds, inter alia, that any finding of fact made by the local agency is not supported by substantial evidence. Appellant alleges that the findings of appellee are not so supported, and states the particulars in which the evidence is alleged to be deficient. Obviously, we cannot determine this issue without a stenographic record to examine.

On an appeal without such a record, section 8(a) of the act, supra, 53 PS§11308(a), authorizes the court either to hear the appeal de novo or to "remand the proceedings to [the] local agency for the purpose of making a full and complete record." In our opinion, the interests of justice can best be served by a remand of the case to appellee for this purpose. This will enable both parties to reconsider the case anew, and if an accommodation is not achieved, to provide a record upon which it can be determined whether any errors have been made. While such a retracing of steps may appear tedious, the seriousness and importance of the loss by a 15-year-old student of one year of his education justifies such action.

## ORDER

And now, to wit, September 9, 1974, it is ordered and decreed as follows:

(1) The case is remanded to appellee for the purpose of conducting a rehearing at which a full and complete stenographic record of the proceedings shall

be made at the cost of appellant, unless appellee shall agree to pay such cost.

(2) Prior to such rehearing, appellee shall furnish to appellant, or shall permit him to inspect and copy, his own school record as kept by appellee.

(3) Such rehearing shall be held within 20 days from the date hereof, unless the parties shall in writing otherwise agree, and appellee shall give appellant and his counsel ten days written notice of the date, time and place thereof, which notice shall state whether appellee will provide a stenographic record of such proceedings and the cost thereof, or whether appellant will be required to do so.

(4) Appellee shall make and record its decision within 48 hours after the conclusion of said rehearing, and shall forthwith furnish to appellee and his counsel a written copy thereof.

An exception is noted for both parties.

The prothonotary shall forthwith furnish copies hereof to counsel for both parties.